21-6307
Traore v. Garland

BIA
Aikman, IJ
A216 083 122

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of August, two thousand twenty-three.

PRESENT:
SUSAN L. CARNEY,
STEVEN J. MENASHI,
ALISON J. NATHAN,
*Circuit Judges.*
_____

OUSMANE TRAORE,
*Petitioner,*

v.                                                    21-6307
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:                Ousmane Traore, *pro se*, Batavia, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ousmane Traore, a native and citizen of Burkina Faso, seeks review of a May 10, 2021 decision of the BIA affirming a December 3, 2020 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Traore,* No. A 216 083 122 (B.I.A. May 10, 2021), *aff'g* No. A 216 083 122 (Immig. Ct. Batavia Dec. 3, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., without the findings regarding withholding of removal that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

As a preliminary matter, we agree with the Government that Traore has abandoned his asylum claim by failing to address, in his opening brief, the agency's ruling that the claim was untimely filed more than a year after his entry and that no exception to the filing deadline applied. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that *pro se* appellant abandoned issues not raised in his brief). Traore has likewise abandoned his claims premised on feared harm based on his religion or perpetrated by Islamic extremist groups by failing to mention them in his brief. *See id.* What remains before us are Traore's withholding of removal and CAT claims, both premised on the risk that he would be targeted by government authorities because of his father's political activities.

As to withholding of removal, Traore argues that the BIA erred in concluding that he waived that claim by failing to "meaningfully" challenge the IJ's denial of that form of relief in his appellate brief. The BIA's conclusion was reasonable because, while Traore's brief contained several arguments that implicitly related to the denial of withholding, he failed to challenge several

3

dispositive grounds that the IJ gave for denying that form of relief.

To establish eligibility for withholding of removal, an applicant has the burden to demonstrate either past harm rising to the level of persecution or that future persecution is "more likely than not" to occur, and that a protected ground is "one central reason" for the past or feared harm. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C); 8 C.F.R. § 1206.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (upholding BIA's application of "one central reason" standard to withholding of removal). Because Traore did not challenge the conclusion that he failed to show past harm rising to the level of persecution, he could not argue that he was entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1), (2). Accordingly, to meaningfully challenge withholding of removal on appeal to the BIA, he had to argue that he would "more likely than not" be targeted on account of his political opinion if he returned to Burkina Faso. *Id.* However, he did not respond to the IJ's reasoning that he was not involved in his father's political activities and there was no reason to believe his father's political opinions were imputed to him, or that the basis for his testimony about this relationship was a series of assumptions and rumors. Accordingly, the agency reasonably found that Traore waived his claim for withholding of removal.

4

To be eligible for CAT relief, an applicant has the burden to show that he would "more likely than not" be tortured by or with the acquiescence of government officials.   8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).   In assessing whether an applicant has satisfied his burden of proof, the agency must consider all evidence relevant to the possibility of future torture, including evidence of past torture.   8 C.F.R. § 1208.16(c)(3).   The applicant "will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur.   It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link."   *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

Substantial evidence supports the agency's conclusion that Traore failed to satisfy his burden for establishing CAT relief.   First, the agency reasonably concluded that Traore was not previously tortured.   He testified that he was assaulted during his father's first arrest, resulting in swelling to his face and a bloody nose, but he did not provide sufficient detail about the nature and severity of the assault to compel the conclusion that it amounted to "an extreme form of

5

cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2) (defining "torture" and explaining that the definition "does not include lesser forms of cruel, inhuman or degrading treatment or punishment"); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) (holding that "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution").

Second, substantial evidence also supports the finding that Traore's fear that government officials are more likely than not to torture him because of his father's political beliefs is speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Even assuming Traore presented sufficient evidence to establish that his father was harmed because of his political opinion, it does not follow that Traore can show that he himself is more likely than not to be harmed in the future based on his father's political opinion. Traore testified that he never participated in political activities and that he is no longer in contact with his family, and a reasonable factfinder could conclude that he was previously harmed because he was present when his father was being arrested, not because of an imputed political opinion. Traore did not allege there were any threats or attempts to harm him during the period of more than a year that he

remained in Burkina Faso after the 2014 beating.   *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court